# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE                                         ) | |
| ) | Case No. 11-21077-TLM |
| LEONARD O. WALLACE and         ) | |
| PAMELA R. WALLACE              ) | Chapter 11 |
| ) | |
| Debtors.                              ) | |
| _____ ) | |

## MEMORANDUM OF DECISION

This Chapter 11 case was commenced by the filing of a joint voluntary petition by Leonard and Pamela Wallace on August 15, 2011. On January 23, 2012, Mrs. Wallace filed a motion bearing the following heading and title: "Emergency Petition for Replacement of Stay to Stop Further Damage" and "Emergency motion stay the foreclosure - a hearing absent a stay [ ] irreparable harm." Doc. No. 114 (the "Motion").[1] The Court determines that the Motion may be addressed through this Decision and accompanying Order, and that – given the defects facially appearing in the Motion – no hearing is required.

By way of background, this Court on November 28, 2011, entered a memorandum of decision and related order granting creditors Norman and Rodney

---

[1] The Motion was signed only by Mrs. Wallace, and its caption was altered to show only her name and not her husband's.

MEMORANDUM OF DECISION - 1

Hayes (the "Hayes Creditors") relief from the automatic stay of § 362(a), thus allowing such creditors to pursue foreclosure of a judicial lien in the Idaho state courts.  Doc. Nos. 73 ("Stay Decision"), 74 ("Stay Order").  The Stay Decision and Stay Order followed contested hearings in which Mrs. Wallace and Mr. Wallace were represented, in their capacities as chapter 11 debtors in possession, by counsel.

No appeal was taken from the Stay Order.  *See* Fed. R. Bankr. P. 8002(a) (requiring notice of appeal to be filed within 14 days); and 8003 (motions for leave to appeal).  Further, no other relief from the Stay Order was timely sought.  *See* Fed. R. Bankr. P. 9023, 9024.

In late December, 2011, Debtors' attorneys sought leave to withdraw, and in mid-January, 2012, Debtors asked that such attorneys be "terminated" and that Debtors be allowed to represent themselves.  Doc. Nos. 89, 92, 93.  The Court entered an order on January 12, 2012, allowing Debtors' former counsel to withdraw and recognizing that Debtors were appearing *pro se*.  Doc. No. 98.

Since that time, Debtors have mounted their own defense to a motion to convert or dismiss the case filed by the United States Trustee, asserted a claim objection to the claim of the Hayes Creditors, and attempted to advance a "combined" disclosure statement and chapter 11 plan.

Mrs. Wallace's Motion is rambling, confusing, and unclear.  However, its

MEMORANDUM OF DECISION - 2

heading and title, noted earlier, either seek the Court's imposition of a stay or the "replacement" of the stay (*i.e.*, for one previously removed). It also requests "emergency relief staying the foreclosure." Doc. No. 114 at 1. Its language and, in particular, references to Magtrac Bolus, patents, and prior arbitration and court proceedings lead the Court to conclude the targeted creditor foreclosure process is that of the Hayes Creditors.[2]

Thus, almost two months after the Stay Order, Mrs. Wallace is seeking an order of this Court either (a) reinstating the automatic stay, or (b) imposing a new stay, as against the Hayes Creditors.[3] The Court has reviewed the Motion in detail, and finds that – in large part – it continues to advance the same types of arguments concerning the alleged fraud of the Hayes Creditors in the litigation that led up to entry of the Montana judgment and, thereafter, the California and Idaho judgments. *See generally* Stay Decision at 2-4, 7-9, 13-18. However, the real question presented by the Motion and facing the Court, is not relitigation of the contentions regarding the Hayes Creditors; it is whether Mrs. Wallace is entitled to an order reinstating the stay that was terminated last November or, alternatively, entitled to a new stay.

---

[2] The automatic stay has also been lifted in favor of creditors Mountain West Bank, *see* Doc. No. 108, and Deutsche Bank National Trust Company, *see* Doc. No. 90. Neither appears to be implicated by the Motion.

[3] The Court does not address stays pending appeal, *cf.* Fed. R. Bankr. P. 8005, for the simple reason that there is no appeal.

MEMORANDUM OF DECISION - 3

The Court, in evaluating the Motion, makes "reasonable allowances" for the fact that Mrs. Wallace appears *pro se*, and will "construe [her] papers and pleadings liberally." *Hyatt v. Hyatt (In re Hyatt)*, 2011 WL 6179267, at *4 (Bankr. D. Idaho Dec. 13, 2011). But while the Court can be generous in interpretation, it is still Mrs. Wallace's burden to establish a proper legal basis for the relief sought. *See*, *e.g.*, *Arnold v. Gill (In re Arnold)*, 252 B.R. 778, 781 n.2 (9th Cir. BAP 2000) ("*Pro se* appellants are accorded some leeway, but cannot ignore the Code and Rules, and the rules of this court.").

This Court has clearly and unambiguously held that, once the automatic stay of § 362(a) has been terminated, it may not be "reinstated" on the debtor's motion. *In re AICO Recreational Props., LLC*, 2003 WL 1964190, at *6 (Bankr. D. Idaho Apr. 11, 2003); *In re Foldesi Family Land Trust #3*, 2003 WL 25273865, at *4 (Bankr. D. Idaho Feb. 28, 2003).[4] Thus, any request to reimpose or reinstate the stay is not well taken.

The Motion can also be read as a request for the imposition of a new stay or similar injunctive order prohibiting the Hayes Creditors from continuing with their state court remedies. That sort of relief was also sought in *AICO*, but rejected

---

[4] Both *AICO* and *Foldesi* note that this proposition has been established in the District of Idaho since *Jones v. Wood (In re Wood)*, 33 B.R. 320, 322-23 (Bankr. D. Idaho 1983), that *Wood* remains good law as established by, *inter alia*, *Canter v. Canter (In re Canter)*, 299 F.3d 1150, 1155 n.1 (9th Cir. 2002), and that *Wood* was cited with approval in *Official Creditors Committee v. Metzger (In re Dominelli)*, 788 F.2d 584, 586 (9th Cir. 1986).

MEMORANDUM OF DECISION - 4

because there was no compliance with the requirements imposed on litigants seeking injunctive relief. 2003 WL 1964190 at *6. As there discussed, injunctive relief must be sought by an adversary proceeding, *see* Fed. R. Bankr. P. 7001(7), and the several requirements for injunctive relief under Fed. R. Civ. P. 65, incorporated by Fed. R. Bankr. P. 7065, must be satisfied. *Id.*; *see also Foldesi*, 2003 WL 25273865 at *4 (same). *Accord*, *Ramirez v. Whelan (In re Ramirez)*, 188 B.R. 413, 416 (9th Cir. BAP 1995) (Klein, J, concurring) (noting that reimposition of stay, if authority for such relief exists, would require compliance with Rules 7001 and 7065).

Regardless of how liberally the Court might construe the Motion, it is defective, and the relief sought cannot be granted. There is no utility to any hearing on, or further consideration of, the Motion. For the reasons above stated, the Court will enter an Order denying the Motion.

DATED: January 24, 2012

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 5